UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL A. NICHOLSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. C16-00296 BHS<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION |

**I. BASIC DATA**

Type of Benefits Sought:

　　(X) Disability Insurance

　　(X) Supplemental Security Income

Plaintiff's:

　　Sex: Female

　　Age: 56 at application date

Principal Disabilities Alleged by Plaintiff: Arthritis and mental health impairments

Disability Allegedly Began: December 10, 2009

Principal Previous Work Experience: Cashier and telemarketer

Education Level Achieved by Plaintiff: College courses

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ M.J. Adams:

    Date of Hearing: March 31, 2014; hearing transcript AR 85-127

    Date of Decision: May 20, 2014

    Appears in Record at: AR 15-39

    Summary of Decision:

        The claimant has not engaged in substantial gainful activity since December 10, 2009, the alleged onset date. The claimant has the following severe impairments: affective disorder, anxiety disorder, fibromyalgia, obesity, and mild degenerative disc disease of the cervical and lumbar spine. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

        Considering the claimant's residual functional capacity, the claimant is capable of performing past relevant work as a telemarketer, cafeteria cashier, and cafeteria counter attendant. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from December 10, 2009, through the date of the decision.

Before Appeals Council:

    Date of Decision: January 7, 2016

    Appears in Record at: AR 1-6

    Summary of Decision: Declined review

//

## III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Cheryl A. Nicholson ("Nicholson"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to

engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in assessing the medical evidence in the record?
2. Did the ALJ err in determining that Nicholson could perform past work at step four?

## VII. DISCUSSION

Nicholson appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ committed several errors requiring reversal.  Dkt. 9.  The Commissioner concedes that the ALJ's evaluation of the medical evidence and step-four finding were not supported by substantial evidence and contends that the appropriate remedy is to remand the case for further proceedings because the record does not

unambiguously establish Nicholson's disability status.  Dkt. 18.  Nicholson agrees to a remand for further administrative proceedings but objects to the Commissioner's proposed order.  Dkt. 19.

First, Nicholson argues that the Commissioner failed to address Nicholson's argument that the ALJ erred at step four by finding that she could perform past work as a cafeteria cashier or cafeteria counter attendant given her limitation to occasional handling.  *See* Dkt. 19 at 2-3.  However, the Commissioner concedes that the ALJ erred in evaluating the medical evidence, which rendered the step-four finding unsupported by substantial evidence regardless.  *See* Dkt. 18 at 4-5.  Therefore, Nicholson's residual functional capacity ("RFC") must be reassessed on remand, and the ALJ must make new findings at step four and, if necessary, step five.

Second, Nicholson argues that the Court should not order a reevaluation of the opinion of evaluating psychologist Lena K. Swanson, Psy.D., which Nicholson did argue was improperly evaluated in the opening brief.  *See* Dkt. 9; Dkt. 19 at 3.  The ALJ largely accepted Dr. Swanson's opinion that Nicholson had no significant cognitive or social limitations, rejecting only a statement that Nicholson may experience some problems in very challenging and unsupportive environments.  *See* AR 31.  It is equally unclear why the Commissioner requested Dr. Swanson's opinion be reevaluated and why Nicholson does not want it reevaluated.  However, as Nicholson only alleged error in the evaluation of the opinions of Eugene Kester, M.D., and Sylvia Thorpe, Ph.D., only their opinions should be reevaluated on remand, along with any new evidence provided by Nicholson.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Nicholson disability benefits is **REVERSED AND REMANDED**.

Dated this 31st day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge